IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE L. BLANKENSHIP,
    Plaintiff,

vs.                                               Case No.  3:12cv364/RV/CJK

ELIZABETH M. TIMOTHY, et al.,
    Defendants.
_____

### REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a complaint asserting federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1). The filing fee has been paid. Upon review of the complaint, the Court concludes that this case should be dismissed for lack of subject matter jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

This action arises from two earlier civil cases plaintiff filed in this Court: *Lawrence L. Blankenship v. Michael G. Allen, Circuit Court Judge*, Case No. 3:11cv172/MCR/EMT, and *Lawrence L. Blankenship v. John L. Miller, Circuit Court Judge*, Case No. 3:12cv48/MCR/EMT. Plaintiff's present complaint names two defendants: United States Magistrate Judge Elizabeth M. Timothy and Chief United States District Judge M. Casey Rodgers. A summary of plaintiff's claims, in his own words, is that Magistrate Judge Timothy and District Judge Rodgers violated plaintiff's constitutional rights when they:

issued Orders, and Report and Recommendation that have ignored the facts, ignored the law, cited no authority or incorrect authority, have issued orders that have said little or nothing, about the constitutional rights, and order were "Frivolous" when they were anything but frivolous, have placed improper statements in her report and recommendation on Plaintiff Blankenship, have ignored his Constitutional rights and more. All of this has served to commit fraud upon their own court and the Eleventh Circuit and the Supreme Court.

(Doc. 1, p. 4). Plaintiff further claims that Magistrate Judge Timothy's refusal to recuse herself from plaintiff's cases violated plaintiff's constitutional rights. As relief, plaintiff seeks damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (recognizing an implied private action for money damages against individual federal officers alleged to have violated a citizen's constitutional rights), and 18 U.S.C. § 1964 (authorizing a private action for money damages against individuals alleged to have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO")). Plaintiff also seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and relief under 18 U.S.C. §§ 241 and 242 (criminal statutes).

## SUBJECT MATTER JURISDICTION

Subject-matter jurisdiction is a threshold inquiry that the Court is required to consider before addressing the merits of any claim. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). The Court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation when a doubt about jurisdiction arises. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising the issue of subject matter jurisdiction *sua sponte*). "If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a <u>substantial</u> federal claim." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing Hagans v. Lavine*, 415 U.S. 528, 536, 94 S. Ct. 1372, 1378, 39 L. Ed. 2d 577 (1974)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). The Supreme Court in *Hagans* noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Id.*, 415 U.S. at 536-37, 94 S. Ct. at 1378-79 (citations and quotations omitted). While emphasizing that the insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id*. at 538. The test for determining whether jurisdiction exists under § 1331 "is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 70, 98 S. Ct. 2620, 2629, 57 L. Ed. 2d 595 (1978) (internal quotation marks and citations omitted); *Wyke v. Polk Cnty. School Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) ("An 'insubstantial' federal question is one that is either 'obviously without merit,' or one that is clearly foreclosed by previous Supreme Court decisions. Those decisions must 'leave no

room for the inference that the questions sought to be raised can be the subject of controversy.'") (*quoting Hagans*, 415 U.S. at 537); *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 n.7 (11th Cir.1982) ("Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form.") (quotations omitted).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).

DISCUSSION

Plaintiff seeks damages against Magistrate Judge Timothy and District Judge Rodgers for allegedly improperly dismissing his lawsuits.  There is no allegation that resembles a constitutional or RICO violation, and it is indisputable that the judges are absolutely immune from plaintiff's damages claims.  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. . . ." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967).  Judicial immunity applies when (1) "the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act "in the 'clear absence of all jurisdiction.'" *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (en banc ) (*quoting Stump v. Sparkman*, 435 U.S. 349, 357, 98 S. Ct. 1099, 1105, 55 L. Ed.2 d 331 (1978)).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  Absolute immunity is necessary for judges to carry out their judicial functions because judges must "act upon [their] convictions, without apprehension of personal consequences to [themselves]." *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646

(1871). Plaintiff's claims arise from actions the judicial defendants performed while discharging their judicial duties within the exercise of their jurisdiction. Judicial immunity bars plaintiff's damages claims.

Plaintiff's claim under the Declaratory Judgment Act is obviously frivolous, because plaintiff possesses an adequate remedy at law – appellate review of the defendants' decisions. *See Bolin*, 225 F.3d at 1242-43 ("plaintiffs are not entitled to declaratory relief [when] there is an adequate remedy at law"). Plaintiff's remaining claims under 18 U.S.C. §§ 241 and 242 are also patently insubstantial. A private individual cannot bring an individual action under §§ 241 and 242, as these are criminal statutes, and the power to prosecute criminal cases is vested exclusively in the Executive Branch. *See O'Berry v. State Attorneys Office*, 214 F. App'x 654, 657 (11th Cir. 2007) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against the named defendants); *cf. Hagwood v. Sullivan*, 388 F. App'x 953. 955 n. 3 (11th Cir. 2010) ("Plaintiff's argument that Defendants were not immune from suit because they committed the criminal infraction of abuse of process and, therefore, willfully deprived him of his constitutional rights in violation of 18 U.S.C. § 242 is meritless. Section 242 provides no basis for damages under section 1983.") (*citing Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)).

## CONCLUSION

Plaintiff's claims fail to present a substantial federal question sufficient to confer jurisdiction. *E.g., Davis*, 667 F.2d at 1372-73 (holding that plaintiffs' Fourteenth Amendment claims were "so totally devoid of merit that the district court should not have assumed jurisdiction."); *Cotton v. Burgess*, 188 F. App'x 964 (11th

Cir. 2006) (affirming dismissal of civil rights cause of action for lack of jurisdiction based on substantiality doctrine). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). This cause of action is so patently without merit that amendment would be futile.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

2. That the Clerk should be directed to close the file.

At Pensacola, Florida this 8th day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).